UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **THOMAS POREE** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO: 05-3701** |
| **JAMES D. MILLER** | * | **SECTION: "J"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to Title 28, United States Code, Sections 636(b)(1)(B) and (C), and, as applicable, Rule 8(b) of the Rules Governing Section 2254 cases. Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing. For the following reasons, it is hereby recommended that the instant petition be **DISMISSED WITH PREJUDICE** as untimely.

## Procedural History

Petitioner, Thomas Poree, was charged via bill of information on June 29, 1979, with armed robbery, a violation of La. R.S. 14:64. A jury trial was held on November 20,

1979, and petitioner was found guilty as charged.[1]  Thereafter, the state filed a multiple offender bill of information charging petitioner as a second felony offender.  On December 7, 1979, petitioner was adjudicated to be a second felony offender.  The court sentenced petitioner to serve one hundred ninety-eight years of imprisonment at hard labor.[2]

Petitioner directly appealed his conviction and sentence to the Louisiana Supreme Court, under No. 81-KA-0198.  The record was lodged for briefing on January 8, 1981.[3]  The Louisiana Supreme Court affirmed petitioner's conviction and sentence on September 8, 1981.[4]  Rehearing was refused on October 9, 1981.[5]  Therefore, under state law, La. C.Cr. P. art. 922, petitioner's conviction became final on October 9, 1981, when the Louisiana Supreme Court refused the rehearing.[6]

---

[1]See State Record, Vol. 1, Minute Entry, Nov. 20, 1979.  **State of Louisiana v. Thomas Poree,** No. 270-914 "B," Criminal District Court, Parish of Orleans.

[2]See State Record, Vol. 1, Docket Master, entry dated 12/7/79.

[3]See State Record, Vol. 1, Memorandum to Counsel from the Clerk of the Louisiana Supreme Court.

[4]**State of Louisiana v. Thomas Poree,** No. 81-KA-0198 (La. Sept. 8, 1981).  See State Record, Vol. 1 for a copy of the opinion.

[5]**Ibid**, see page 5 of the opinion where the stamp reads, "Rehearing Refused, Oct. 9, 1981."

[6]La. C.Cr. P. art. 922 provides in pertinent part:
A.  Within fourteen days of rendition of the judgment of the supreme court or any appellate court, in term time or out, a party may apply to the appropriate court for a rehearing.  The court may act upon the application at any time.
B.  A judgment rendered by the supreme court or other appellate court becomes final when the delay for applying for a rehearing has expired and no application therefor has

Petitioner filed his first application for post-conviction relief (PCR) in the state district court on December 27, 1982.[7] The PCR was denied on February 2, 1983.[8] Review of the record does not show that the petitioner filed for appellate review of this decision. Petitioner submitted a second application for PCR, which was signed on April 25, 1988.[9] The district court denied relief on June 27, 1988.[10] Petitioner applied for supervisory and/or remedial review in the Louisiana Supreme Court. That court granted relief on May 25, 1990.[11] The court ordered that petitioner's sentence be vacated as excessive and remanded the case for re-sentencing. On November 27, 1990, petitioner was resentenced to serve fifty years at hard labor with the Department of Corrections, without probation, parole, or suspension of

---

been made.
C.  If an application for a rehearing has been made timely, a judgment of the appellate court becomes final when the application is denied.
D.  If an application for a writ of review is timely filed with the supreme court, the judgment of the appellate court from which the writ of review is sought becomes final when the supreme court denies the writ.

[7]See State Record, Vol. 1, for a copy of the PCR.  Therein, petitioner claimed that he received an illegal excessive sentence.

[8]See State Record, Vol. 1, for a copy of the Judgment.

[9]See State Record, Vol. 1, for a copy of the PCR.  The claims presented were:  invalid multiple offender conviction because the predicate offense was defective; excessive sentence; and, ineffective assistance of counsel.

[10]See State Record, Vol. 1, for a copy of the Judgment.

[11]**State ex rel. Thomas Poree v. Hilton Butler, Warden,** 563 So.2d 870, No. 88-KH-2936 (La. May 25, 1990)(A copy of the ruling is contained in the State Record, Vol. 1).

sentence.[12] Petitioner filed a third PCR application in the trial court, signed on February 21, 1995, therein alleging that he was denied his right to an appeal and denied the effective assistance of counsel regarding his resentencing. The court denied relief on June 19, 1995.[13] Petitioner applied for supervisory and/or remedial writ in the Louisiana Court of Appeal, Fourth Circuit on August 31, 1995. The Fourth Circuit denied the writ application on October 25, 1995, as time barred, pursuant to La. C.Cr.P. art. 930.8.[14] On an unknown date in October 1995, petitioner also filed a motion for production of documents. The district court denied the motion on October 19, 1995.[15]

Petitioner next filed an undated motion to correct an illegal sentence. The district court denied the motion on June 15, 1998.[16] Petitioner filed yet another motion to correct an illegal sentence on July 22, 2003 (signed by petitioner July 19, 2003), therein

---

[12] See State Record, Vol. 1, for a copy of the sentencing transcript, page 3.

[13] See State Record, Vol. 1, for a copy of the ruling written on the face of the PCR application.

[14] **State v. Poree,** No. 95-K-1920 (La. App. 4th Cir. Oct. 25, 1995). See State Record, Vol. 2 for a copy of the ruling.

[15] See State Record, Vol. 1, for the court's ruling written on the face of the motion for production of documents.

[16] See State Record, Vol. 1, for a copy of the motion and of the ruling written on the face of the motion. (Petitioner's only claim was that his multiple offender adjudication and sentence are predicated upon an unconstitutional plea of guilty.) Also see Minute Entry dated June 16, 1998.

claiming that his sentence was illegal because he was entitled to parole consideration by the Department of Corrections. The court denied that motion on September 5, 2003.[17]

Petitioner claims that he filed a motion and order to correct an illegal sentence on February 20, 2005. The docket master indicates that the trial court denied the motion on July 12, 2005.[18] However, petitioner also claims that the motion filed on February 20, 2005, had not been ruled upon by the district court.[19] On June 17, 2005, the Louisiana Supreme Court issued the following ruling:

> Relator represents that the district court has failed to act timely on a motion to correct an illegal sentence filed on or about February 20, 2005. If relator's representation is correct, the district court is ordered to consider and act on the motion. If relator's representation is incorrect, the district court is ordered to accept, file and act upon the pleading which is herewith transferred to the district court. The district court is ordered to provide this Court with a copy of its judgment.

**State ex rel. Thomas Poree v. State of Louisiana,** 904 So.2d 696, No. 2005-KH-1131 (La. June 17, 2005)(See State Record, Vol. 2, for a copy of the ruling).

---

[17] See State Record, Vol. 1, for a copy of the motion and the ruling written on the face of the motion.

[18] See State Record, Vol. 1, Docket Master, minute entry dated July 18, 2005.

[19] See petitioner's letter to the Clerk of the Supreme Court of Louisiana dated March 14, 2005, filed under No. 05-KH-1131. (Copy of letter is contained in State Record, Vol. 2.)

Review of the record shows that the trial court issued a Judgment denying the motion on May 12, 2005.[20] The record also shows that on January 28, 2005, petitioner filed a motion for mandamus in the Louisiana Fourth Circuit requesting an order requiring the district court to rule on a previously filed motion to correct an illegal sentence on December 21, 2004.[21] In paragraph two of the mandamus, petitioner challenged his sentence as being illegal on the basis of defects in the 1975 predicate plea used for the multiple offender adjudication. The Louisiana Fourth Circuit denied the writ for a mandamus on February 16, 2005.[22]

Review of the record shows that petitioner filed the subject federal petition for habeas corpus on July 25, 2005, the day he signed the petition and presented it to the prison authorities for mailing.[23] Petitioner claims that the evidence was insufficient to sustain his

---

[20]See State Record, Vol. 2, for a copy of the Judgment dated May 12, 2005.

[21]See State Record, Vol. 2, for a copy of the motion for mandamus.

[22]See State Record, Vol. 2, for a copy of the ruling. **State v. Poree,** No. 2005-K-0156 (Feb. 16, 2005). The Fourth Circuit said: "This Court lacks jurisdiction to consider relator's claim**. State v. Smith**, 2004-03-82 (La. 10/8/04, 885 So.2d 513. His request for a writ of mandamus is denied."

[23]*See* Federal Record, Doc. 1. This July 25, 2005, filing date was ascertained via the Court's use of the "mailbox rule." Under this rule, a pleading filed by a prisoner acting pro se is considered to be filed for prescriptive purposes on the date it is delivered to prison officials for mailing, rather than the date it is received by the court. **Cooper v. Brookshire**, 70 F.3d 377, 379 (5th Cir. 1995). Generally, the date a prisoner signs his petition, is presumed to be the date he delivered it to prison officials for mailing. *See* **Colarte v. LeBlanc**, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his habeas corpus application over to prison officials for delivery to this Court on the date he signed his application); **Magee v. Cain**, 2000 WL 1023423, *4 n.2 (E.D. La. 2000) (inferred that filing date and signature date of habeas

multiple offender adjudication and that he was denied the effective assistance of counsel on appeal.

The State filed a response to petitioner's habeas corpus claims on October 6, 2006.[24] Specifically, the state maintains that the subject petition should be dismissed with prejudice because it was not timely filed.

Petitioner filed his rebuttal to the state's response on December 20, 2006.[25] Petitioner suggests that since the original sentence was vacated on May 25, 1990, and that he was resentenced on November 27, 1990, that his conviction was not final until after November 27, 1990. Additionally, petitioner claims that he continually requested copies of the documents submitted in support of his multiple offender adjudication. He claims that the documents were not received until September 2004. Moreover, petitioner claims that since the documents and information were not available to him, he was not in a position to challenge his multiple offender adjudication before receipt of the documents. Petitioner further claims that the state court never addressed his claim.[26]

---

petition were the same); **Punch v. State**, 1999 WL 56279, *2 n.3 (E.D. La. 1999) (may reasonably be inferred that prisoner delivered habeas petition to prison officials for mailing on date he signed petition).

[24]See Fed. Record, Doc. No. 19.

[25]See Fed. Record, Doc. No. 20.

[26]See Fed. Record, Doc. No. 20 at page 2.

**Analysis**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner is required to bring his *habeas corpus* claims pursuant to Title 28, United States Code, Section 2254 within one year from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking review. *See* Title 28, United States Code, Section 2244(d)(1) (West 2006), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220. In this case, petitioner's state conviction became final on October 9, 1981, when the Louisiana Supreme Court denied Poree's request for rehearing.[27] However, since Poree's conviction became final prior to the enactment date of the AEDPA, his federal limitation period would not commence to run until the enactment date, April 24, 1996, under the rule set forth in **Flanagan v. Johnson,** 154 F.3d 196, 201-02 (5th Cir. 1998).[28] In **Flanagan**, the U.S. Fifth Circuit held that prisoners such as Poree must be given a one-year grace period, from April 24, 1996 until April 24, 1997, during which to file a federal post conviction habeas challenge. **Id.** at 201-02. See also, **Felder v. Johnson**, 204 F.3d 168, 169 (5th Cir. 2000). Under the general rule set forth in Title 28, United States Code, Section 2244(d)(1), Poree's federal limitations period therefore would have commenced running on April 24, 1996 and

---

[27]See footnotes 5 and 6, herein.

[28]Poree's argument that his conviction was not final until after his resentencing in 1990 is of no moment since Poree's limitation period did not commence running until after the AEDPA's enactment date pursuant to **Flanagan**.

he would have had until April 24, 1997 to file either his federal habeas petition or a "properly filed state post-conviction application" sufficient to toll the limitations period.[29]

Review of the record shows that petitioner did not have a properly filed state post-conviction application related to his conviction pending in the Louisiana Fourth Circuit or in the Louisiana Supreme Court, between April 24, 1996, and April 24, 1997.[30] With regard to any pending matters in the state district court between April 24, 1996 and April 24, 1997, however, the record is far from clear. As previously mentioned, the state district court denied petitioner's undated (no filing date indicated) motion to correct an illegal sentence on June 16, 1998.[31] Since the motion to correct an illegal sentence was undated, it is possible that petitioner filed the motion during the one year grace period, which would toll the statute of limitations. Assuming, *arguendo*, that the motion was filed during the one year grace period and not ruled upon until June 16, 1998, petitioner's federal application would still be untimely as his next motion to correct an illegal sentence was not filed until July 22, 2003. Said motion

---

[29]Title 28, United States Code, Section 2244(d)(1) provides that a federal habeas action may be brought within a one year period after the conclusion of direct state review or the expiration of the time for seeking such direct review. 28 U.S.C. 2244(d)(2) allows for the tolling of this one year limitations period during the time when a properly filed post-conviction matter or other collateral review matter is proceeding in the state courts.

[30]See State Record, Vol. 2, for verifications signed by the Clerks of Court for the Louisiana Fourth Circuit and the Louisiana Supreme Court.

[31]See footnote No. 16 of this Report.

was denied on September 5, 2003.[32] Thus, even if petitioner's limitations period did not commence to run until after the June 16, 1998 denial of the motion to correct illegal sentence, petitioner then allowed more than five years to lapse prior to filing the July 22, 2003 motion to correct an illegal sentence. This July 22, 2003 filing was too late to toll the federal limitation period.

Moreover, to the extent petitioner may be arguing that he is entitled to equitable tolling under Title 28, United States Code, Section 2244(d)(1)(D) his argument is meritless. Poree argues that he is entitled to equitable tolling because he did not get production of the documents (i.e., guilty plea/waiver of rights form and minute entry) until September 2004. The record, however, shows that Poree was aware of the factual basis of his challenge as far back as 1988.

Petitioner's second PCR was signed by him on April 25, 1988, wherein he claimed, among other things, that his multiple offender conviction was invalid because the predicate offense was defective.[33] Therefore, petitioner was aware of his claim as far back as April 25, 1988. Despite being aware of the claim in 1988, review of the record shows that an unsigned request for a copy of the multiple bill transcript hearing was not filed until October 22, 1994.[34] Petitioner also filed a second motion for production of documents which was

---

[32] See footnote No. 17 of this Report.

[33] See footnote No. 9 of this Report.

[34] See State Record, Vol. 1, No. 1, for a copy of the Request for Multiple Bill Transcript.

denied on October 25, 1995.[35]  Based upon such a delay, Poree is not entitled to equitable tolling, in accordance with **Davis v. Johnson**, 158 F.3d 806. 810 (5th Cir. 1998).  "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.  A 'garden variety claim of excusable neglect' does not support equitable tolling." **Coleman v. Johnson**, 184 F.3d 398, 402 (5th Cir. 1999), citing **Rashidi v. American President Lines**, 96 F.3d 124, 128 (5th Cir. 1996).  Under Title 28, United States Code, Section 2244(d)(1)(D), Congress provided an exception to the rule that the limitations period commences at the finality of the state court conviction.  Section 2244(d)(1)(D) provides instead that the limitations period commences on the date when the "factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  Section 2244(d)(1)(D) provides for equitable tolling when the facts on which a federal habeas claim are based would not have been discovered by a duly diligent petitioner.  See, **Ybanez v. Johnson,** 204 F.3d 645, 646 (5th Cir.), cert. denied, 531 U.S. 881, 121 S.Ct. 193, 148 L.Ed.2d 134 (2000), citing **Fisher v. Johnson,** 174 F.3d 710, 715 n. 14 (5th Cir.), reh'g denied, 189 F.3d 471 (5th Cir. 1999), cert. denied, 531 U.S.1164, 121 S.Ct. 1124, 148 L.Ed.2d 991 (2001).  Poree did not act in a diligent manner in pursuing the documents he needed to supposrt his claim.

---

[35]See footnote Numbers 14 and 16 of this Report.

Moreover, even if Poree could show due diligence with regard to obtaining supporting documentation, the failure to obtain said documents would not be a basis for equitable tolling. Under Poree's view of the AEDPA, the factual predicate of his claim would not have been "available" to him until he was able, through the successful litigation of his motion to produce documents relative to the illegality of his predicate conviction (simple burglary), to support his claim with said documents.. However, Poree's view of what constitutes the factual predicate of his claim has been staunchly rejected by the Fifth Circuit in **Flanagan v. Johnson,** 154 F.3d 196, 201-02 (5th Cir. 1998).

In **Flanagan**, the petitioner argued that the one year limitations period should not have begun to run until he was able to obtain the affidavit of his trial counsel to support his claim that he had not been informed of his right not to testify. The Fifth Circuit concluded that the lawyer's affidavit formed no part of the factual predicate of **Flanagan's** claim as the fact that **Flanagan** was called to testify and did not know he had the right to refuse, was actually known to **Flanagan** early on, before the lawyer's affidavit was obtained.  The Fifth Circuit explained:

> **Flanagan** is confusing his knowledge of the factual predicate of his claim with the time permitted for gathering evidence in support of his claim. . . Section 2244 (d)(1)(D) does not convey a statutory right to an extended delay, in this case more than seven years, while a habeas petitioner gathers every possible scrap of evidence that might, by negative implication, support his claim.

Similarly, Poree did not have to wait to pursue his claim that his predicate conviction was invalid until he had obtained all of the documentation to support said claim. His delay in obtaining copies of his guilty plea/waiver of rights form and minute entry relative to his predicate conviction does not justify equitable tolling.

### RECOMMENDATION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the petition of Thomas Poree for issuance of a writ of habeas corpus be **DENIED** with prejudice as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. **Douglass v. United Services Automobile Association**, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 23rd day of February, 2007.

                                                     _____
                                                     LOUIS MOORE, JR.
                                                     UNITED STATES MAGISTRATE JUDGE